◎JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AMANDA BURNHAM

**(b)** County of Residence of First Listed Plaintiff _____

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

## DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

County of Residence of First Listed Defendant _____

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S)
(See instructions):
JUDGE _____        DOCKET NUMBER _____

Explanation:

DATE 03/05/12

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3244 Keswick Rd. Baltimore, MD 21211

Address of Defendant: 507 Prudential Rd. Horsham PA 19044

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. §1692

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 03/05/12   _____   57100
                 Attorney-at-Law               Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/05/12   _____   57100
                 Attorney-at-Law               Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Amanda Burnham : CIVIL ACTION
v. :
NCO Financial Systems, Inc. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

03/05/12        Craig Thor Kimmel        Amanda Burnham
**Date**            **Attorney-at-law**          **Attorney for**
215 540 8888     877-788-2864     Kimmel@creditlaw.com
**Telephone**         **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA BURNHAM, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
|       Defendant | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

AMANDA BURNHAM ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* (hereinafter the "TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant has its corporate headquarters in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Baltimore, Maryland 21211.

6. Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, PA 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt of another person and repeatedly contacted Plaintiff in its attempts to collect a debt of another person.

11. Upon information and belief, the debt arose out of transactions that were primarily for personal, family, or household purposes.

12. Plaintiff does not owe the debt that Defendant was attempting to collect.

13. Plaintiff did not consent to the placement of collection calls to her cellular telephone by Defendant.

14. Further, Plaintiff never expressly consented to the placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or artificial voice prior to Defendant's placement of the calls.

15. Beginning in or around November 2011, and continuing through February 2012, Defendant continuously and repeatedly contacted Plaintiff on her cellular telephone in its attempts to collect a debt of another person.

16. Plaintiff regularly received collection calls from the following telephone numbers: (800) 735-6588 and (800) 728-3346, which the undersigned has confirmed are telephone numbers belonging to Defendant.

17. When contacting Plaintiff, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

18. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

19. Defendant contacted Plaintiff, on average, two (2) times a day, sometimes calling as frequently as four (4) times a day.

20. As a result, Plaintiff received more than ten (10) collection calls a week.

21. Desiring to stop the collection calls, in November 2011, Plaintiff contacted Defendant and instructed them to stop calling her.

22. Defendant's representative advised Plaintiff that, "[NCO] did not have any record of her owing a debt," and deceptively claimed that they would remove her name from its call list.

23. Instead of removing her name from its call list, Defendant continued to contact Plaintiff regarding the debt of another person.

24. Over the next three months, Plaintiff called Defendant on approximately seven (7) separate occasions to inform Defendant it was calling the wrong person and to remove her name from its call list.

25. For example, Plaintiff contacted Defendant on December 19, 2011 (twice); December 31, 2011; January 11, 2012; January 12, 2012; January 16, 2012; and February 7, 2012, each time informing Defendant that she was not the person they were looking for, to stop calling her and to remove her number from its call list.

26. However, each time Defendant ignored Plaintiff's instructions and continued to contact her, calling her on: December 19, 2011; December 23, 2011; December 28, 2011; December 29, 2011; December 31, 2011; January 3, 2012; January 5, 2012; January 10, 2012; January 11, 2012; January 12, 2012; January 17, 2012; January 25, 2012; January 26, 2012; February 2, 2012; February 6, 2012; February 7, 2012; and February 10, 2012.

27. Defendant failed to investigate or verify contact information prior to and after calling Plaintiff.

28. Defendant failed to update its records to avoid further harassment of Plaintiff.

29. The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of her privacy, as it was inconvenient for Plaintiff to receive repetitive debt collection calls on her cellular telephone for another person, especially after having informed Defendant that it was calling the wrong person and that she did not want to receive its collection calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. In its actions to collect a debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated the FDCPA generally;

    b. Defendant violated §1692c(a)(1) of the FDCPA when it communicated with

Case 2:12-cv-01143-TJS   Document 1   Filed 03/05/12   Page 8 of 10

   Plaintiff at a time or place that it knew or should have known was inconvenient;

c. Defendant violated §1692d of the FDCPA when it harassed, oppressed or abused Plaintiff in connection with the collection of a debt;

d. Defendant violated §1692d(5) of the FDCPA when it caused Plaintiff's phone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff;

e. Defendant violated §1692e of the FDCPA when it used false, deceptive, or misleading representations or means in connection with the collection of a debt; and

f. Defendant violated §1692f of the FDCPA when it used unfair and unconscionable means in connection with the collection of a debt.

## COUNT II
### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff hereby incorporates all facts and allegations specified in all preceding paragraphs by reference, as if fully set forth at length.

32. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

33. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

5

PLAINTIFF'S COMPLAINT

34. A non-debtor has a vastly greater privacy interest from debt collection telephone calls to a cellular telephone than an individual who is a debtor. Watson v. NCO Group Inc., 462 F.Supp. 2d 641 (E.D. Pa. 2006).

35. Despite the fact that Plaintiff is a non-debtor who never consented to Defendant making calls to his cellular phone, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone without Plaintiff's consent.

36. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a cellular telephone for non-emergency purposes, without the prior express consent of the called party, unless the call is initiated for emergency purposes.

37. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

WHEREFORE, Plaintiff, AMANDA BURNHAM, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);
  d. Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5)(B); and
  e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, AMANDA BURNHAM, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 03|05|12

By: _____
Craig Thor Kimmel
Attorney ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email:   kimmel@creditlaw.com